19 F.3d 1435
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest Ray WARREN, Defendant-Appellant.
 No. 93-5433.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1994.
 
 1
 Before: NELSON and SILER, Circuit Judges, and HACKETT, District Judge.*
 
 ORDER
 
 2
 This case is a direct appeal from a criminal conviction in which counsel for the defendant requests permission to withdraw. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Ernest Ray Warren pleaded guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g). The district court sentenced Warren to a 186 month term of imprisonment to be served concurrently with a prior Tennessee state court conviction. This appeal followed.
 
 
 4
 Counsel for Warren filed a motion to withdraw and a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Warren was served with this motion and was invited to respond, although he did not do so.
 
 
 5
 The underlying facts of this case are uncomplicated and undisputed. Warren was arrested shortly after a robbery of a gas station. He was apprehended in his automobile with a cash register on the passenger seat and in possession of a handgun. Warren was indicted thereafter on one count of being a felon in possession of a handgun under 18 U.S.C. Sec. 922(g).
 
 
 6
 Warren eventually pleaded guilty to the charged offense committed in the Western District of Tennessee, that is, being a felon in possession of a .380 caliber Walther handgun. The language of the indictment tracks that of the statute and there has never been any assertion that venue does not lie within the Western District of Tennessee. Jurisdiction thus is not an issue in this case and Warren's guilty plea acted as a waiver of any non-jurisdictional defects in the pre-plea proceedings. Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 7
 Neither is there any defect in the plea proceedings. The transcript of the plea colloquy reflects the district court's strict adherence to the dictates of Fed.R.Crim.P. 11(c) and (f). The court advised Warren of the various constitutional protections he was giving up by offering a guilty plea. The court also accurately related the maximum penalties to which Warren would be exposed by his plea, determined that Warren was not under the influence of any drugs and ascertained that there was a factual basis for the plea.
 
 
 8
 Warren was sentenced under the provisions of the Armed Career Criminal Act (ACCA), 18 U.S.C. Sec. 924(e)(1), which provides a sentence enhancement for a person who violates 18 U.S.C. Sec. 922(g) and has three previous convictions for violent felonies. The factual basis for this enhancement is that Warren had been convicted in Tennessee state court in 1981 of multiple armed robbery counts. The record also reflects that Warren was convicted in 1977 of third degree burglary in Tennessee state court.
 
 
 9
 Counsel for Warren has suggested two possible issues for appellate review. Counsel initially suggests that the armed robbery convictions, arising from two separate nightclub holdups but committed only hours apart, might be considered as one "crime spree" under the ACCA. Counsel properly notes, however, that a virtually identical argument (involving a mere 30 minute interval between the commission of similar crimes) was considered and rejected by the Sixth Circuit in United States v. Brady, 988 F.2d 664, 668-70 (6th Cir.) (en banc), cert. denied, 114 S.Ct. 166 (1993). Counsel also questions the use of the 1977 conviction for third degree burglary as a predicate offense under the ACCA but admits that the issue essentially has been decided to the contrary in Taylor v. United States, 495 U.S. 575, 598-602 (1990). Counsel is correct. See United States v. Anderson, 923 F.2d 450, 454 (6th Cir.), cert. denied, 499 U.S. 980 and 111 S.Ct. 2062 (1991). The conviction and sentence appear proper in all other respects.
 
 
 10
 Accordingly, the motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Barbara K. Hackett, U.S. District Judge for the Eastern District of Michigan, sitting by designation